IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                                                                 Civ. No. 12-534 WJ/ACT
                                                                              Cr. No. 10-49 WJ

MARIO OCHOA-OLIVAS,

        Defendant/Petitioner.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

THIS MATTER comes before the Undersigned on the Order of Reference by the Honorable William Johnson [Doc. 2] filed on May 23, 2012, to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. The Court has directed the Undersigned to submit an analysis, including findings of fact, if necessary, and recommend disposition. Accordingly, the Undersigned submits the following:

      1.      This is a proceeding brought pursuant to 28 U.S.C. § 2255. Mario Ochoa-Olivas ("Defendant") pled guilty to illegal reentry after deportation in volition of 8 U.S.C. §§ 1326(a) and (b). [Doc. 1, p. 1; Doc. 11-1, p. 15, l. 20-22.] Judgment was entered on November 10, 2010 [Cr. Doc. 63].[2] Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), Defendant was assessed a 16-level enhancement. [Doc. 1, p. 7; Doc. 8, p. 6; Doc. 11, p. 6.] Defendant was sentenced to a period of eighty (80) months' incarceration. [Doc. 11-3, p. 16, l. 14 - 23.] In addition, the Court imposed a fine of $5,926.21 and a special assessment fee of $100. [Doc. 11-3, p. 17, l. 22, p.18, l. 5-6.]

---

[1] The parties will be given the opportunity to object to the Report and Recommendation as described in 28 U.S.C. § 636(b)(1). Objections must be filed within fourteen (14) days after being served with a copy of the Report and Recommendation. A party waives the right to challenge the Magistrate Judge's Report and Recommendation if the party does not file timely and specific objections.
[2] References to the criminal docket in case 2:10-cr-00049-WJ are preceded by the initials "Cr." Otherwise, the references are to the civil docket.

1

2.    Defendant's counsel filed a direct appeal, raising two issues: 1) whether the district court erred by not granting Defendant a two-level reduction for acceptance of responsibility; and 2) whether the sentence imposed was procedurally and substantively unreasonable. *United States v. Ochoa-Olivas*, 426 F.App'x 612 (10th Cir. 2011). The Tenth Circuit affirmed Defendant's sentence. *Id*.

3.    Defendant filed his Motion to Vacate, Set Aside or Correct Sentence [Doc. 1] on May 17, 2012, alleging ineffective assistance of counsel ("Motion"). Defendant subsequently submitted a Memorandum of Law in Support of 28 U.S.C. § 2255 Application Motion to Vacate, Set Aside or Correct Sentence [Doc. 8] on June 27, 2012 ("Memorandum"). The Government submitted its Answer to Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 11] on August 13, 2012 ("Response"). Defendant filed his Reply In Oposition [sic] to United States' Answer to Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 12] on August 24, 2012.

4.    Defendant alleges his counsel was ineffective in three ways:[3] 1) by failing to inform him that he was facing a fine of $5,926.21and by failing to object to the fine; 2) by failing to inform him of his right to petition the United States Supreme Court; and 3) by failing to object to the assessment of a 16-level enhancement on the basis of subsequently amended Sentencing Guidelines. [Docs. 1 and 8.]

**Background Facts**

5.    On October 27, 2009, U.S. border patrol agents encountered Defendant in Luna County, New Mexico. Defendant admitted to the agents that he was a Mexican citizen and that he had no immigration documents that permitted him to be in the United States legally. *Ochoa-Olivas*, 426 F. App'x at 612 - 613. Immigration records revealed that Defendant had been deported previously on December 5, 1988, following a felony conviction for selling marijuana for which he received eighty-four (84) months'

---

[3] Defendant's initial Motion alleged four grounds for relief [Doc. 1], however, in his Memorandum of Law, Defendant consolidates grounds one and four as they "both are similar in nature." [Doc.8, p. 1.] The Court will also combine these two issues in its discussion.

imprisonment. *Id.*, 426 F.App'x at 613.[4] In 2010, a grand jury indicted Defendant on one count of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b). *Id.* A trial was scheduled to begin on May 3, 2010. On that morning, the district court assembled the jury venire, but they were dismissed when Defendant announced that he wanted to plead guilty. *Id.* After that announcement, the district court conducted a change-of-plea hearing, and Defendant pled guilty to the one count charged against him. *Id.*

6.  During the plea hearing, Defendant acknowledged that he had discussed the charge with his lawyer and that he was making a voluntary decision to plead guilty. [Doc. 11-1, p. 6, l. 2 – 5, p. 6, l. 16 – p. 7, l. 1.] Defendant acknowledged that he understood that a fine of up to $250,000 could be imposed. [Doc. 11-1, p. 8, l. 9 – 11.] Defendant further acknowledged that he had discussed the sentencing guidelines with his attorney and how they could be applied to his case. [Doc. 11-1, p. 9, l. 11 – 14.].

7.  During the sentencing hearing, the Court found the offense level was 24 and the criminal history category was V which calculated an imprisonment range to be 92 to 115 months. [Doc. 11-3, p.14, l. 25 – p. 15, l. 3.] The Court varied downward from the low end of the guideline range to impose a sentence of 80 months. [Doc. 11-3, p 16, l. 14 – 23.] The Court also imposed a fine of $5,926.21. [Doc. 11-3, p. 17, l. 22.] The Court recognized that the Defendant did not have the financial means with which to pay the fine. However, the Court felt that it was appropriate because the Government had to prepare for trial and witnesses and jurors had traveled from out of town, only to have Defendant plead guilty the day of trial. [Doc. 11-3, p. 17, l. 22 – p. 18, l. 2.][5]

8.  In an affidavit, Defendant's counsel, Chipman Venie, claims that prior to Defendant pleading guilty, he informed Defendant that he was facing a sentence of up to 20 years in prison, 3 years of supervised release, a $250,000 fine, and a $100 special assessment. [Doc. 11-5, ¶ 4.] Mr. Venie states that he also explained the application of the guidelines to Defendant, including the 16-level increase for

---

[4] In regard to Defendant's additional criminal history, he was convicted of misdemeanor assault in 1992 and for felony illegal re-entry after deportation in 2001 and 2005. These convictions have no bearing on this Motion.
[5] The Court also imposed a special penalty assessment of $100. Defendant does not dispute this portion of his sentence. [Doc. 11-3, p. 18, l. 5 – 6.]

his prior drug conviction. [Doc. 11-5, ¶¶ 3, 4.] During the sentencing hearing on October 12, 2010, Mr. Venie objected to the imposition of the fine. [Doc. 11-3, p. 18, l. 22 – p. 19, l. 3.] Subsequently, Mr. Venie produces letters in English and Spanish, which he claims he sent Defendant after the appeal advising the Defendant that he could appeal his case to the Supreme Court. [Doc. 11-5, pp. 9 and 10.]

## Discussion

### A. Relevant Law

9. To establish an ineffective assistance of counsel claim, a defendant must show both that (1) counsel's performance was deficient such that he was deprived of "reasonably effective assistance"; and (2) the deficient performance prejudiced his case, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011) cert. denied, 132 S. Ct. 1818, 182 L. Ed. 2d 636 (U.S. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1980)). In applying this test, the Court gives considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002)(quoting *Strickland*, 466 U.S. at 690).

10. To show deficient performance, a defendant must show that his attorney made "errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment" and that his legal "representation fell below an objective standard of reasonableness." *Williams v. Taylor*, 529 U.S. 362, 390 (2000) (internal citation and quotation omitted). The burden rests on the accused to demonstrate a constitutional violation. *United States v. Cronic*, 466 U.S. 648, 658 (1984). "The court need not address whether counsel's performance was deficient if defendant fails to prove actual prejudice. Prejudice is shown if defendant establishes a reasonable probability that the outcome of the trial, sentencing, or appeal would have been different had counsel raised the omitted claim or argument." *United States v. Hill*, CR-05-111-L, 2009 WL 1531533 (W.D. Okla. June 1, 2009) (citing

*Neil v. Gibson*, 278 F.3d 1044, 1057 (10th Cir.2001), cert. denied, 537 U.S. 835, 123 S.Ct. 145, 154 L.Ed.2d 54 (2002)).

### B. Analysis

#### 1. The Court's imposition of a fine.

11.     Defendant first argues that his counsel was ineffective for allowing the Court to impose a fine without establishing that he was unable to pay and for failing to object to the imposition of the fine. [Doc. 1, p. 4, Doc. 8, p. 2 – 3; Doc. 12, pp. 1 – 4.] The Sentencing Guidelines provide that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." *United States v. Vigil*, 644 F.3d 1114, 1123 (10th Cir. 2011)(quoting U.S.S.G. § 5E1.2(a)). "If the defendant establishes that ... he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine ..., the court may impose a lesser fine or waive the fine." *Id*. § 5E1.2(e). As the plain language of Section 5E1.2 indicates, "[t]he defendant bears the burden of demonstrating an inability to pay a fine." *Id*. (quoting *United States v. Deters*, 184 F.3d 1253, 1258 (10th Cir.1999)). A court is not required to make specific factual findings before imposing a fine, so long as "the record reflects the basis for the imposition of the fine." *United Sates v. Torres*, 188 F.App'x. 791, 796 (10th Cir.2006) (quoting *United States v. Trujillo*, 136 F.3d 1388, 1398 (10th Cir.1998)). The Sentencing Guidelines merely require that the record reflect the district court's consideration of the pertinent factors prior to imposing the fine. *United States v. Washington-Williams*, 945 F.2d 325, 328 (10th Cir.1991) (citing U.S.S.G. § 5E1.2 [Fines for Individual Defendants]).

12.     It appears from the record that Defendant did not present any evidence that he was unable to pay a fine.[6] Defendant argues that "it was never shown that Olivas had a positive net worth to justify

---

[6] The Presentencing Investigation Report ("PSR") states that "defendant reported no income, assets, or liabilities," had some discharged credit card debt, three department store credit cards with $0 balance, and that "defendant was afforded court appointed counsel in this matter." PSR, p. 16, ¶ 64. Additionally, the PSR states that "[a]lthough the defendant has limited assets and financial resources, it appears the defendant has the ability to earn income while in federal custody and could pay a fine through the Inmate Financial Responsibility Program." *Id*., p. 17, ¶ 65.    While

the fine, and 3) there [was] no evidence submitted to [determine] that Olivas could pay a fine . . . ." [Doc. 12, p. 3.] However, the burden is not on the Government to establish that Defendant <u>could</u> pay the fine. The burden is on the Defendant to establish he <u>could not</u> pay the fine. *Vigil*, 644 F.3d 1114, 1123. Although there is no evidence that Defendant could not pay a fine, the Court specifically recognized Defendant's inability to pay. The Court stated, "I am going to impose a fine of $5,926.21.  <u>I recognize that this defendant does not have financial means to pay that</u>, but that is some of the cost that the taxpayers of this country incurred in terms of getting ready for this trial but for Mr. Ochoa-Olivas to change his plea the morning of trial." [Doc. 11-3, p. 17, l. 22 – p. 18, l. 2 (emphasis added).]   Therefore, it was apparently demonstrated to the Court that Defendant was not able to pay a fine.  Accordingly, Defendant's counsel was not ineffective in this regard.

13. The record also reflects that Mr. Venie objected to the imposition of the fine, "including the Court's rational. . . ." [Doc.11-3, p. 18, l. 22 – p. 19, l. 3.] Indeed, Defendant admits that "during the sentencing, my attorney did mention to the Court that Olivas does not have money to pay a fine, and the Court said, 'ok.'" [Doc. 8, p. 4.] In this regard, Defendant cannot show deficient performance.

14. Defendant also claims his counsel was ineffective because he did not inform Defendant that he was facing a sentence of a fine of $5,926.21. [Doc. 1, p 8; Doc.8, p. 2.] Defendant testified under oath, through a Spanish-speaking interpreter, at the plea hearing that he understood that under the "worst-case scenario" a fine of up to $250,000 could be imposed as one of the possible consequences of pleading guilty. [Doc. 11-1, p. 8, l. 9 – 11 and l. 19 - 22.] In Mr. Venie's affidavit he states that he told Defendant on several occasions prior to the plea hearing that Defendant could be facing a fine of up to $250,000. [Doc. 11-5, ¶¶ 4 and 10.] Defendant does not allege that he was not aware a fine could be imposed at all, only that Mr. Venie failed to advise him that a fine in the amount of $5,926.21 could be imposed. Counsel's failure to accurately predict a defendant's sentence does not rise to the level of ineffective assistance. *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Further, since Defendant was

---

the PSR is not a part of the record proper, the Court reviewed the PSR's factual findings in consideration of Defendant's sentence. [Doc. 11-3, p. 14, l. 7 – 8.]

aware, prior to pleading guilty, that a fine of up to $250,000 could be imposed, Defendant cannot establish that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. In other words, even if his counsel failed to inform him of the $5,926.21 fine, Defendant was not prejudiced because he was, in fact, aware that a fine of up to $250,000 could be imposed prior to pleading guilty.  In this regard, Defendant cannot show ineffective assistance.

15.     Finally, Defendant claims his appellate counsel did not raise this issue on direct appeal. [Doc. 1, p. 4.] Because Defendant argues that his appellate counsel was ineffective in omitting an issue on appeal, "our 'scrutiny ... must be highly deferential' " to counsel's conduct. *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) (quoting *United States v. Cook*, 45 F.3d 388, 394 (10th Cir.1995) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052)). Every effort must be made " 'to evaluate the conduct from counsel's perspective at the time,' " and " '[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.' " *Id*. (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir.1994) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052)). To overcome this strong presumption, a defendant "bears a heavy burden." *Id*. (citing *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir.2000)). Nevertheless, the omission of a "dead-bang winner" by counsel is deficient performance which may result in prejudice to a defendant. *Id.* (quoting *Cook*, 45 F.3d at 395). A "dead-bang winner" is "an issue which was obvious from the trial record and one which would have resulted in a reversal on appeal." *Id*.

16.  In this case, the Court's imposition of a fine is not an issue which would have obviously resulted in a reversal on appeal. To the contrary, the appellate court could have upheld the imposition of the fine had that issue been raised. Defendant pled guilty and admitted to the crime for which he was charged, he understood at the time of his plea that a fine of up to $250,000 could be imposed, the Court chose to impose less than 3% of the maximum fine, and the record reflects the Court's basis for the imposition of the fine. Specifically, the Court expressed concern that Defendant had waited until the day of trial to plead guilty thereby forcing "a monumental waste of time and resources." [Doc. 11-1, p. 17, l. 8

– 21; Doc.11-2, p. 37, l. 5 -13; Doc. 11-3, p. 17, l. 22 – p. 18, l. 2.] On the other hand, the appellate court could have reversed the imposition of the fine because the Court recognized that Defendant was unable to pay the fine and imposed the fine nonetheless, contrary to the Sentencing Guidelines. Consequently, Defendant cannot establish that the imposition of the fine is an issue which would have obviously result in reversal, as the decision could go either way. In this regard, Defendant cannot show deficient performance by his counsel.

### 2. Defendant's right to petition the United States Supreme Court.

17. Defendant contends that his attorney was ineffective because he failed to inform him of his right to petition the Supreme Court. [Doc. 1, p. 5; Doc. 8, pp. 5 – 6; Doc. 12, p. 4 – 5.] Defendant cites a footnote in *United States v. Hill*, CR-05-111-L, 2009 WL 1531533, FN7, (W.D. Okla. June 1, 2009) which states:

> Pursuant to Section VI of the Tenth Circuit's Criminal Justice Act Plan, defendant's attorney was required to inform him of the right to petition the Supreme Court for a writ of certiorari and to file the petition if defendant requested such review and there were non-frivolous grounds for seeking review. . . .

However, Defendant fails to cite the rest of the footnote which states:

> Regardless, the court concurs with the Court of Appeals for the Eighth Circuit, which reasoned that failure to comply with the Court's Criminal Justice Act Plan does "not deprive [defendant] of due process of law and did not give rise to a claim for ineffective representation of counsel." *Id.* (quoting *Steele v. United States*, 518 F.3d 986, 988 (8th Cir.2008)).

18. In *Steel*, the defendant claimed that, although her attorney informed her of his decision not to file a petition for a writ of certiorari, he failed to inform her of the procedure and time limits for filing a certiorari petition pro se. *Id.*, 518 F.3d at 988. The Eight Circuit Court explained:

> The right to counsel at trial is guaranteed by the Sixth Amendment, but the Fifth Amendment due process clause governs the right to counsel for appellate proceedings. Due process guarantees a criminal defendant a constitutional right to counsel for her first appeal, and that right encompasses the right to effective assistance of counsel. Due process does not, however, guarantee a constitutional right to counsel for a litigant seeking to file a certiorari petition in the United States Supreme Court. Since the right to effective assistance of counsel derives solely from the right to appellate counsel guaranteed by the right to due process, a litigant like [defendant] without a constitutional right to counsel cannot "be deprived of the effective assistance of counsel." In the

      absence of a constitutional right to the effective assistance of counsel [defendant's] § 2255 claim for ineffective assistance cannot succeed.

*Steel*, 518 F.3d at 988 (citations omitted). Accordingly, the *Steel* court found, "[w]hile our plan to implement the mandates of the Criminal Justice Act of 1964 may well embody the congressional judgment as to what representation to afford defendants, it is not a statement of what the Constitution requires." *Id.* Therefore, "[t]he alleged breach of the provisions of our plan . . . did not deprive [defendant] of due process of law and did not give rise to a claim for ineffective representation of counsel." *Id.*; see also, *Hill*, CR-05-111-L, 2009 WL 1531533,*4 ("Nor does counsel's alleged failure to consult with defendant regarding filing a petition for writ of certiorari warrant relief.").

      19.    In this case, Defendant cites the Tenth Circuit Criminal Justice Act Plan alleging that his attorney was required to inform him of the right to petition the Supreme Court. However, as in *Steel* and *Hill*, the alleged breach of the provisions of the Tenth Circuit's Criminal Justice Act Plan, does not give rise to a claim for ineffective assistance of counsel. Therefore, even if Mr. Venie failed to inform Defendant of the right to petition the Supreme Court for a writ of certiorari, that failure, did not give rise to a claim. *Id.*[7]

      20.    Defendant argues that he is entitled to a hearing with respect to whether his attorney informed him of his right to petition the Supreme Court. [Doc. 12, p. 4 - 5.] Defendant claims a hearing is necessary because his version of the facts conflicts with his counsel's version.[8] *Id.* "[28 U.S.C. § 2255] requires a District Court to 'grant a prompt hearing' when such a motion is filed, and to 'determine the

---

[7] Even if Defendant had the right to counsel for purposes of filing a certiorari petition, he would have had to show that he suffered prejudice from his attorney's failure to inform him of this right in order to establish a claim for ineffective assistance of counsel. For example, Defendant would have to show not only that he would have succeeded in obtaining a writ of certiorari if counsel had informed him of the right, but also, a reasonable probability that he would have obtained relief as to his sentence. *Steele*, 518 F.3d, 988-989. Defendant has not shown a reasonable probability that he would have prevailed on remand.

[8] Mr. Venie states in his affidavit that he did, in fact, advise Defendant of this right. [Doc. 11-5, ¶¶ 15, 16.] Mr. Venie claims that following the decision on appeal, he wrote to Defendant in both English and Spanish advising that they had lost the appeal and that, "[y]ou could still ask the Supreme Court to hear your appeal. You have 90 days to ask the Supreme Court to hear the appeal. (You are not entitled to an appeal, you must ask them to hear your appeal). I do not believe that you would be successful on that appeal. If you would like to do so, please contact my office so that I can get the appeal to the Supreme Court started." [Doc. 11-5, p. 10; Doc. 11-5, p. 9 (Spanish version).] While Defendant admits that he received "a letter informing him of the Court of Appeals decision," and a copy of that decision, he claims, it did not inform him of the right to petition the Supreme Court. [Doc. 8, p. 5; Doc. 12, p. 4.]

issues and make findings of fact and conclusions of law with respect thereto' unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Machibroda v. United States*, 368 U.S. 487, 494, 82 S. Ct. 510, 513-14, 7 L. Ed. 2d 473 (1962) (quoting 28 U.S.C. § 2255(b)). In this case, the motion and the files and records conclusively show that Defendant is not entitled to relief with regard to his counsel informing him of his right to petition the Supreme Court, as discussed above. Therefore, a hearing is unwarranted.

### 3. Objections to the 16-level enhancement.

21. Defendant argues that his counsel was ineffective for failing to object to the Court's imposition of a 16-level enhancement because the amended Sentencing Guidelines established an 8 to 12 level enhancement. [Doc. 1, p. 7; Doc. 8, pp. 6 – 8.] Specifically, Defendant contends that the amendments to the Sentencing Guidelines that took effect on November 1, 2011 should apply to him. [Doc. 1, p. 7; Doc. 8, p. 6.][9] This is incorrect. Section 1B1.11 of the Sentencing Guidelines states: "(a) The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." Defendant was sentenced on October 12, 2010. [Doc. 1, p. 1; Cr. Doc. 62.] The amendments that took effect on November 1, 2011, more than a year after Defendant's sentencing, were inapplicable to his sentence at the time of sentencing.[10] Therefore, Defendant's counsel was not ineffective in failing to argue that the November 2011 amendments to the Sentencing Guidelines applied to Defendant's sentence, as they were not yet in effect.

---

[9] It appears that Defendant's ineffective assistance argument with regard to the 16-level enhancement is that his counsel failed to object on the basis of the amended Sentencing Guidelines. However, to the extent Defendant is arguing that his attorney failed to object, at all, to the 16-level enhancement, that argument is without merit. Mr. Venie argued for a downward deviation in his Sentencing Memorandum and Motion for Downward Departure, [Cr. Doc. 52] during the sentencing hearings on August 10, 2012 [Doc. 11-2, p. 32, l. 22 – p. 34, l. 8] and October 12, 2010 [Doc. 11-3, p. 5, l. 11 – p. 7, l. 8, p. 9, l. 8 – 24], and on appeal. *Ochoa-Olivas*, 426 F.App'x 612, supra.

[10] The November 11, 2011 amendments were also not in effect at the time of Defendant's appeal. *Ochoa-Olivas*, 426 F.App'x at 612 (dated June 2, 2011).

## **RECOMMENDED DISPOSITION**

I recommend that Defendant's Motion to Vacate, Set Aside or Correct Sentence [Doc. 1] be denied and this case dismissed with prejudice.

_____
Alan C. Torgerson
United States Magistrate Judge